UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SHARON D. PEPPER, an individual,
on behalf of herself and all others
similarly situated,

    Plaintiff,                                   **COMPLAINT - CLASS ACTION**

vs.

GARCIA PAEZ, P.A., a Florida professional
association, and JOSEPH A. GARCIA,
an individual,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Sharon D. Pepper, an individual, on behalf of herself and all others similarly situated, sues Defendants, Garcia Paez, P.A., a Florida professional association, and Joseph A. Garcia, an individual, and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III.  ALLEGATIONS AS TO PARTIES

3. At all times material hereto, Plaintiff, Sharon D. Pepper ("Ms. Pepper"), was *sui juris* and a resident of Miami-Dade County, Florida.

4. At all times material hereto, Defendant Garcia Paez, P.A., was a Florida professional association, doing business in Miami-Dade County, Florida.

5. At all times material hereto, Defendant, Joseph A. Garcia, was *sui juris* and a resident of Miami-Dade County, Florida.

6. At all times material hereto, Defendants are or were engaged in the collection of debts from consumers using the mail and telephone.

7. Defendants regularly attempted to collect consumer debts alleged to be due to another in Miami-Dade County, Florida.

8. For an extended period of time, Defendants have acted as the attorney for various financial institution creditors throughout the State of Florida.

9. In the course of their representation of the creditors, Defendants regularly collected or attempted to collect monies from consumers for delinquent consumer debts.

## IV.  FACTUAL ALLEGATIONS

10. Several years prior to the filing of the instant action, Ms. Pepper obtained a consumer loan from Dade County Federal Credit Union ("Dade County FCU") for the purpose of financing the purchase of a 2010 Nissan Altima ("Pepper Loan").

11. At some unknown time in the past, Dade County FCU retained Defendants for the purpose of collecting monies purportedly owed on the Pepper Loan.

12. On or about March 23, 2016, Defendants sent or caused to be sent to Ms. Pepper

written correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies purportedly owed by Ms. Pepper on the Pepper Loan ("Collection Communication").

13.     A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

## V.   DEFENDANTS' PRACTICES

14.     It is or was the policy and practice of Defendants to send collection letters in the form or substantially similar form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g.

## VI.   CLASS ACTION ALLEGATIONS

15.     This action is brought on behalf of a class consisting of (i) all persons with addresses in the state of Florida (ii) to whom letters in the same or substantially similar form as Exhibit "A" were sent (iii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendant, was incurred for personal, family, or household purposes (iv) which were not returned undelivered by the U.S. Post Office (v) during the one year period prior to the filing of the complaint in this action.

16.     Plaintiff alleges on information and belief based on Defendants' use of letters in the form of Exhibit "A," that the class is so numerous that joinder of all members is impractical. Based on Defendants' use of letters in the form of Exhibit "A," Plaintiff estimates that the class includes hundreds of class members.

17.     There are questions of law or fact common to the class, which common issues

predominate over any issues involving only individual class members.

18. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendants' letters in the form of Exhibit "A" violate the FDCPA by failing to properly inform the consumer with respect to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer.

19. Ms. Pepper's claim is typical of those of the class members. All are based on the same facts and legal theories.

20. Ms. Pepper will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

21. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

23. Ms. Pepper requests certification of a hybrid class of Rule 23(b)(3) for monetary

damages and Rule 23(b)(2) for equitable relief.

## VII. ALLEGATIONS OF LAW

24. At all times material hereto, Ms. Pepper was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

25. At all times material hereto, the Pepper Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

26. At all times material hereto, Defendants were "debt collector(s)" as said term is defined under 15 U.S.C. §1692a(6).

27. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

### Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that upon the consumer's written request within

the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28. The Collection Communication violates the Fair Debt Collection Practices Act, by:

    a. the failure to properly inform the consumer of the consumer's right to obtain debt validation pursuant to 15 U.S.C. §1692g(a)(4);

    b. the failure to inform the consumer that upon the consumer's written request within the thirty-day period from receipt of the Collection Communication that the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, in contravention of 15 U.S.C. §1692g(a)(5); and

    c. the failure of Defendants to communicate with consumers through the Collection Communication in a manner which did overshadow or which was inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor, in contravention of 15 U.S.C. §1692g(b).

29. Plaintiff and each member of the class have suffered an invasion of a legally protected interest that is concrete and particularized. In particular, the Collection Communication creates a substantial risk that the Plaintiff and the class would not exercise their rights under the FDCPA and deprived the Plaintiff and the class of their right to have the statutorily mandated disclosures provided to them.

30. As a result of Defendants' conduct, Plaintiff and the class are entitled to an award

of statutory damages pursuant to 15 U.S.C. §1692k.

31. Plaintiff and the class are entitled to an award of costs and attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Sharon D. Pepper, an individual, requests judgment be entered in her favor and in favor of the class against Defendants, Garcia Paez, P.A., a Florida professional association, and Joseph A. Garcia, an individual for:

A. Declaratory judgment that Defendants' Exhibit "A" violates the Fair Debt Collection Practices Act;

B. Statutory damages pursuant to 15 U.S.C. §1692k;

C. An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

D. Such other and further relief as the Court may deem just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, Sharon D. Pepper, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
E-mail: rwmurphy@lawfirmmurphy.com
and rphyu@aol.com

COUNSEL FOR PLAINTIFF