UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-20766-JLK

SHARON D. PEPPER, an individual,
on behalf of herself and all others
similarly situated,

    Plaintiff,                                                     CLASS ACTION

vs.

GARCIA PAEZ, P.A., a Florida professional
association, and JOSEPH A. GARCIA,
an individual,

    Defendants.
_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

Plaintiff, Sharon D. Pepper (the "Class Representative"), and Defendants, Garcia Paez, P.A., a Florida professional association, and Joseph A. Garcia, an individual, respectfully request the Court enter an order: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Settlement Agreement; (3) directing notice to the Class; (4) setting dates for opt-outs, objections and a hearing under Federal Rule of Civil Procedure 23(c)(2).

In support of their motion, the Parties state:

1.    Counsel for Plaintiff and Defendants have reviewed and analyzed the complex factual and legal issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals.

1

2. Based upon this review and analysis, Plaintiff and Defendants embarked upon and concluded settlement discussions, and executed the Class Action Settlement Agreement (the "Class Settlement Agreement"), attached hereto.

3. The parties desire to settle and compromise the Class Action on the terms and conditions embodied in the Class Settlement Agreement and have stipulated for settlement purposes only to a class of approximately 49 members defined as follows:

> All persons (i) to whom letters ("Collection Letter") in the same or substantially similar form as Exhibit "A" to the Complaint were sent (ii) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or Defendants, was incurred for personal, family or household purposes, (iii) which were not returned undelivered by the U.S. Post Office (iv) during the one year period prior to the filing of the Complaint in this action to the date hereof through the date of preliminary approval by the Court of this settlement.

4. Plaintiff and Defendants have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23 and agree that, for settlement purposes only, the following requirements are met:

   a. The settlement class is sufficiently numerous such that joinder is impracticable.

   b. There are questions of law and fact common to the settlement class that predominate over any questions affecting only individual members.

   c. The settlement class representative has claims typical to the settlement class member.

   d. The settlement class representative and his counsel are adequate representatives for the settlement class.

   e. Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

5. Under the terms of the Class Action Settlement Agreement and subject to court approval:

a. Defendants will establish a fund ("Class Fund") with the Settlement Administrator from which each Class Member who does not opt out of the settlement and Class Action will receive a check in the sum of One Hundred Twenty-Five Dollars ($125.00) ("Settlement Check").

b. In addition to the other benefits as a Class Member, Defendants will pay $3,000.00 to the Class Representative for her role in this litigation.

c. Upon approval by the court, Defendants will pay the reasonable attorney's fees and litigation expense, including costs, of Class Counsel in an amount to be approved by the Court. This amount is to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members.

d. Using First Class, Inc. as the Settlement Administrator, Defendants must cause to be mailed by first class mail: (1) the Notice of Class Action, and (2) the Settlement Checks.

e. The cost of providing the Notice of Class Action to each of the Class Members at their last known addresses using First Class, Inc. as the Settlement Administrator will be paid by Defendants.

f. To the extent there are any funds from un-delivered, expired or otherwise un-cashed Settlement Checks, an amount equal to the amount of such un-cashed checks will be paid over as a *cy pres* award to the National Consumer Law Center for distribution by Class Counsel.

6. Counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair,

reasonable, and adequate, and would be in the best interests of the members of the proposed class.

7. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

8. Defendants deny liability to Plaintiff and the Class for the claims alleged but consider it desirable that the Class Action and the claims alleged therein be settled upon the terms and conditions set forth in the Agreement, in order to avoid further expense and burdensome protracted litigation, and to put to rest all claims known or unknown that have been or might be asserted by Plaintiff or the Class against Defendants.

9. The Parties have agreed on the form of notice to be sent to the Class, attached to the Settlement Agreement as Exhibit "C," via first class mail. The Parties have agreed that no further notice to the Class is required.

10. The Parties have agreed on the proposed preliminary approval order and final approval order, attached to the Settlement Agreement as Exhibits "B" and "D," respectively.

WHEREFORE, the Parties respectfully request that the Court enter an order: (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Class Settlement Agreement; (3) directing notice to be sent to the Class Members via first class mail; and (4) setting dates for opt-outs, submission of claim forms, objections and a hearing under Federal Rules of Civil Procedure 23(c)(2).

| | KLEIN GLASSER PARK & LOWE, P.L. |
|---|---|
| /s/ *Robert W. Murphy* | /s/ *Robert M. Klein* |
| ROBERT W. MURPHY | ROBERT M. KLEIN |
| Florida Bar No. 717223 | Florida Bar No. 230022 |
| 1212 S.E. 2nd Avenue | 9130 S. Dadeland Blvd. |
| Fort Lauderdale, Florida 33316 | Suite 2000 |
| (954) 763-8660 Telephone | Miami, Florida 33156-7809 |
| (954) 763-8607 Fax | (305) 670-3700 Telephone |
| Email: rwmurphy@lawfirmmurphy.com | (305) 670-8592 Fax |
| and rphyu@aol.com | Email: kleinr@kgplp.com |
| | |
| COUNSEL FOR PLAINTIFF | /s/ *Richard M. Jones* |
| | RICHARD M. JONES |
| | Florida Bar No. 59097 |
| | Email: jonesr@kgplp.com |
| | |
| | COUNSEL FOR DEFENDANTS |

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on October 20, 2017, I served the foregoing document by electronic mail on counsel for Defendants, Robert M. Klein, Esquire, and Richard M. Jones, Esquire, Klein Glasser Park & Lowe, P.L., 9130 South Dadeland Boulevard, Suite 2000, Miami, Florida 33156, telephone: (305) 670-3700, at lowej@kgplp.com; kleinr@kgplp.com; jonesr@kgplp.com.

                /s/ *Robert W. Murphy*
                Attorney