UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-20766-JLK

SHARON D. PEPPER, an individual,
on behalf of herself and all others
similarly situated,

    Plaintiff,

CLASS ACTION

vs.

GARCIA PAEZ, P.A., a Florida professional
association, and JOSEPH A. GARCIA,
an individual,

    Defendants.

_____/

## FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff, Sharon D. Pepper and a class of Persons similarly situated (collectively, "Plaintiffs" or "Class Members") and Defendants, Garcia Paez, P.A. and Joseph A. Garcia, for final approval of the Class Action Settlement Agreement ("the Agreement"). Based upon the submissions in support of final approval, the Court finds that:

A.    The total number of Class Members is approximately 49.

B.    Notice was sent by first class mail to 49 persons at their last known mailing address using Accessible Contact Information.

C.    The United States Postal Service returned 6 Notices to the Settlement Administrator, First Class, Inc., as undeliverable with no forwarding addresses or further information provided by the United States Postal Service.

D.    There are no pending objections to the Settlement.

E.     No Class Members chose to opt-out of the Settlement, to wit:

The Court being duly advised, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     **Definitions.** For the purposes of this Final Order of Dismissal (the "Final Order"), the Court adopts by reference the definitions set forth in the Definitions section of the Agreement filed with this Court on October 20, 2017 [DE 8-1].

2.     **Notice.** The Court finds that the distribution of the Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3.     **Final Approval.** The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Class as certified for settlement purposes and approves the Settlement, directing that the Parties implement it, as follows:

A.     The Parties are directed to implement the settlement in accordance with its terms. Payment of $3,000.00 shall be made to Sharon D. Pepper, the Class Representative. Payment of Settlement Checks from the Class Fund is to be made to all Class Members who did not exclude himself or herself from the Class or the Settlement. Any funds unclaimed 90 days after funds have been sent must be paid over as a *cy pres* award to be distributed by Class Counsel to the National Consumer Law Center.

B.     Except as to any individual claim of those Persons who have timely and effectively requested exclusion from the Class under the Agreement, the Court hereby dismisses

with prejudice the Action, all claims contained therein, and all Released Claims against the Settling Parties.

C.  The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D.  Upon the Final Approval of the Agreement, the Class Representative and all Class Members who have not timely and effectively requested exclusion from the Class, shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged the Settling Parties from the Released Claims, as defined in Paragraph 35. Further, the Class Representative and all Class Members (and the successors and assigns of any of them) who have not timely and effectively requested exclusion from the Class, are hereby permanently barred and enjoined from instituting or prosecuting as against the Settling Parties, either directly or indirectly or in any other capacity, any and all claims that were or could have been asserted in the present action, or any other action or proceeding, that relate to the attempts of the Settling Parties to collect debts from the Class Representative or Class Members during the one year time period prior to the filing of the Complaint in the instant action to the date of preliminary approval.

E.  Nothing herein shall alter, amend, or terminate the right of Defendants and their clients to collect any balance (including, but not limited to, principal, interest, attorney's fees, and other costs and charges) allegedly owed by any Settlement Class Member, for any debt. Nothing herein shall otherwise release or discharge (1) any legally enforceable claim which Defendants and their clients may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendants and their clients may have against any or all Class Members or any other person or entity. Nothing herein shall otherwise void or abrogate the

contractual obligations of any Class Member nor impair or limit any right or cause of action by the Class Representative or the Class to dispute the underlying debt or amount owed to Defendants or the clients of Defendants.

4. **Injunction.** The Court bars and permanently enjoins all Class Members, except those who timely and effectively requested exclusion from the Settlement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims.

5. **Defendants' Denial of Liability.** The Court notes that Defendants deny any liability to Plaintiff or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

6. **Jurisdiction.** The Court finds that it has jurisdiction over the subject matter of the Action, the Class Representative, the other Class Members, and Defendants. Without affecting the finality of the Judgment, the Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement or Final Order.

7. **Attorney's Fees.** After reviewing Class Counsel's application for attorney's fees in support of final approval, the Court awards to Class Counsel Attorney's Fees and costs in the total amount of $ 2,000.00 .

8. **Timing of Payments or Consideration.** No later than 30 days after the Final Order becomes final as defined by paragraph 14 of the Class Action Settlement Agreement and Release, Settlement Checks shall be distributed to all Class Members who have not excluded themselves of otherwise opted-out of the Settlement.

ORDERED this 7th day of March 2018.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Robert W. Murphy, Esq.
Robert M. Klein, Esq.
Richard M. Jones, Esq.